UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF IDAHO; WARDEN RAMIREZ; and C/O COBY<br><br>　　　　　Defendants. | Case No. 1:20-cv-00095-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Anthony L. Cavallero is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 8.

　　　　Plaintiff has now filed an Amended Complaint. Dkt. 11. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1. **Request for Appointment of Counsel**

　　　　Plaintiff seeks appointment of counsel. Dkt. 10 at 1; Dkt 11 at 3. Unlike criminal defendants, indigents in civil actions have no constitutional right to counsel unless their

physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as the Court concludes below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

2.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

3.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

4.  **Discussion**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be

liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff claims that the failure of Defendants to provide him with shoes violated the Eighth Amendment.

In August 2019, Plaintiff went to the prison laundry to get clothes and shoes. Because Plaintiff already had medical shoes, laundry staff would not provide Plaintiff with new shoes. Plaintiff explained that his medical shoes were worn out and smelled bad, but staff still did not give him new shoes. Plaintiff submitted a concern form to Warden Ramirez regarding this issue. *Am. Compl.*, Dkt. 11, at 2.

Plaintiff then took his medical shoes back to the medical provider, after which laundry staff did provide Plaintiff with new shoes. However, the shoes were too small, so Plaintiff "did a re-issue on them." *Id*. at 3. An unidentified laundry staff member took back the shoes that were too small, leaving Plaintiff with slippers as his only footwear. These slippers eventually became worn out because Plaintiff had to use them all the time.

Plaintiff asked Defendant Coby for shoes. Coby obtained shoes for Plaintiff, but Plaintiff said they were too small and that they hurt his feet. *Id*. Coby then told Plaintiff that Coby would get him a new pair. Coby did not get the shoes to Plaintiff that day.

The next morning, Plaintiff tried to explain the situation to an unknown correctional officer, stating that he needed shoes to go to breakfast. The correctional officer "wouldn't

get [Plaintiff] any" shoes and refused to sign a concern form that Plaintiff would later send to Warden Ramirez. *Id*.

Because Plaintiff did not have shoes and "do[es]n't wear socks," Plaintiff was barefoot as he walked a quarter of a mile, outside, to breakfast that morning. *Id*. When Plaintiff arrived at breakfast, Defendant Coby yelled at him for not wearing shoes. Coby then got shoes for Plaintiff. *Id*. at 4.

Plaintiff states that, as a result of walking barefoot to breakfast, he "had little rocks embedded into the bottoms of [his] feet" and that his feet were bleeding. *Id*. Plaintiff does not state that the bleeding was severe, nor does he indicate how long the rocks were embedded in his feet. Plaintiff does not allege that he sought medical treatment for the rocks or the bleeding.

Plaintiff has not plausibly alleged that the rocks being embedded in the soles of his feet and causing non-severe bleeding was sufficiently "grave" as to constitute cruel and unusual punishment. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Though Plaintiff states that it took about 1.5 months to finally get shoes that fit him, it was only on a single morning that Plaintiff had to walk outside barefoot. Am. Compl. at 2–4. The Court concludes that walking barefoot outside for a quarter of a mile on one occasion is nowhere near "the physical torture against which the Constitution clearly protects," but is, instead, closer to "the de minimis harms against which it does not." *McKune v. Lile*, 536 U.S. 24, 41 (2002).

Plaintiff has also failed to plausibly allege that any Defendant acted with a sufficiently culpable state of mind—that is, with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff's allegations against Defendant Coby are the

following: (1) that Coby told Plaintiff that he would get shoes for Plaintiff that fit, (2) that Coby did not immediately do so, (3) that the next morning Coby yelled at Plaintiff for not having shoes, and (4) that Coby then got Plaintiff new shoes —likely remembering, belatedly, that Plaintiff did not actually have any shoes. These allegations plausibly suggest, at most, that Coby acted negligently in failing to obtain shoes for Plaintiff the day before when Plaintiff asked for them.

As for Warden Ramirez, the Complaint alleges only that Plaintiff sent concern forms to Ramirez complaining that he was finding it difficult to get shoes that fit. Given that Plaintiff did have footwear of some kind for most of that time period, and that Plaintiff had to walk outside barefoot for only a quarter of a mile for breakfast on a single morning, the Complaint does not plausibly allege that Ramirez was "aware of facts from which the inference could be drawn" that Plaintiff faced a substantial risk of serious harm and actually drew that inference. *Id.* at 837. Finally, the Court reiterates that the State of Idaho is immune from Plaintiff's claims under the Eleventh Amendment. *See* Dkt. 8 at 3.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**5.     Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice

and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion for 30-Day Continuance (Dkt. 9) is GRANTED, and Plaintiff's Amended Complaint is deemed timely.

2. Plaintiff's Motion to Review First Amended Complaint (Dkt. 10) is GRANTED.

3. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: June 30, 2020

_____
David C. Nye
Chief U.S. District Court Judge